UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA MEI ELLIOTT, et al,

                        Plaintiffs                  06 CV 296 (RPP)
      - against -

                                                      **OPINION AND ORDER**

THE CITY OF NEW YORK,

                        Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      As scheduled on April 27, 2009, a status conference was held on September 9, 2009, four days after the close of Plaintiffs' fact discovery in this matter. At that time, Plaintiffs raised a number of discovery issues, stating that Defendant had not provided necessary documentary discovery requested by Plaintiffs. Defendant denied any failure to respond. At the direction of the Court, the parties submitted copies of the correspondence between the parties related to the discovery disputes, which the Court has now reviewed.

**Background**

      On April 27, 2009 the Court held a status conference with the parties and ordered that Plaintiffs' fact discovery be completed by September 4, 2009. On April 30, 2009, Defendant served its responses to Plaintiffs' first set of interrogatories (the "Interrogatory Responses"). As is the case in virtually every complex civil lawsuit today, the Interrogatory Responses were replete with numerous general and specific objections. Notwithstanding these objections, Defendant provided substantive responses to all but

one interrogatory[1] and produced 324 pages of documents referenced in the Interrogatory Responses.

On May 25, 2009 Defendant provided its responses to Plaintiffs' request for documents (the "Document Responses"). Like the Interrogatory Responses, the Document Responses include numerous general and specific objections. Notwithstanding these objections, Defendant's Document Responses included 2163 pages of documents. For all but one of Plaintiffs' 19 document requests,[2] Defendant provided a substantive response and either: (i) produced a set of documents "subject to and without waiving" its objections[3]; (ii) represented that it is "not aware of any non-privileged, relevant, ascertainable documents that are responsive to th[e] Request"[4]; or (iii) referred to one or more different request numbers for which documents were produced that might also be responsive to the request at issue.[5] In short, in response to Plaintiffs' document requests, Defendant substantively addressed each of Plaintiffs' requests and produced over two thousand pages.

By letter dated August 7, 2009, Plaintiffs responded to the Interrogatory Responses and Document Responses, outlining what they perceived to be deficiencies (the "August 7th Letter"). In this letter, Plaintiffs make numerous complaints – some general, some specific – about Defendant's various objections, as well as certain

---

[1]  Defendants did not answer Interrogatory No. 4 relating to expert witnesses, citing a prior agreement to address the need for expert testimony after the completion of Plaintiffs' fact discovery. Interrogatory Responses at 10.
[2]  In response to Document Request No. 2, where Plaintiffs sought employment files, Defendant objected and refused to produce documents, stating that personnel records are confidential and "protected from disclosure absent a showing that the information sought is clearly relevant to the allegations in the complaint and outweighs the potential harm to the subject of the discovery request." Document Responses at 4.
[3]  Document Responses at 5, 6, 7, 8, 9, 10, 12, 14, 15, 18, 19, 20.
[4]  Document Responses at 17, 21.
[5]  Document Responses at 4, 14, 16, 20.

categories of documents that appear to be missing from Defendant's production. It is noteworthy that the August 7th Letter is dated more than two months after the date of the Document Responses and more than three months after the date of the Interrogatory Responses.

By letter dated August 14, 2009, Defendant responded to each concern outlined by Plaintiffs in the August 7th Letter (the "August 14th Letter"). In the August 14th Letter, Defendant clarified its position on certain points, provided clearer copies of certain previously-produced pages and provided over one hundred pages of additional documents requested by the August 7th Letter. Further, on a number of points, Defendant's counsel agreed to follow up with its client, The City of New York Department of Environmental Protection ("DEP") and supplement the Document Responses with any additional information counsel obtained as a result.[6] Finally, counsel for Defendant closed the August 14th Letter by offering to speak by telephone in order to resolve any remaining questions, concerns or comments that Plaintiffs' counsel might have.[7] In short, within four days Defendant responded in full to the August 7th Letter and adopted a cooperative position with respect to the ongoing discovery disputes.[8]

By letter dated September 8, 2009, Plaintiffs responded to the August 14th Letter (the "September 8th Letter").[9] Instead of addressing the specific concerns and responses detailed in the August 7th Letter and August 14th Letter, Plaintiffs discussed eight general categories of documents where they believe deficiencies remain. Some of the concerns

---

[6] See August 14th Letter at 4, 5, 7, 8.
[7] At the status conference held on September 9, 2009, counsel for Defendant represented that Plaintiffs' counsel did not take advantage of this offer to discuss discovery over the phone.
[8] At the status conference held on September 9, 2009, counsel for Defendant represented that they did not receive the August 7th Letter until August 10, 2009.
[9] Counsel for Defendant represented that he did not receive the September 8th Letter until 9:00pm on September 8th – the evening before the previously-scheduled status conference.

3

put forth in the September 8th Letter had been discussed in prior correspondence while others appear for the first time in this letter.

At the status conference held before the Court on September 9, 2009, Plaintiffs conceded that their deadline for completing fact discovery had passed, but faulted Defendant for frustrating their discovery efforts by providing inadequate responses. Plaintiffs requested the Court's assistance in resolving discovery disputes and sought an extension of Plaintiffs' fact discovery period. Defendant argued that it had not provided inadequate responses, but rather that it had responded cooperatively and in a timely matter to each of Plaintiffs' discovery concerns. Defendant further argued that the expiration of the fact discovery period before all disputes were resolved resulted solely from Plaintiffs' undue delay in raising their concerns about the Interrogatory Responses and Document Responses.

**Discussion**

It is clear from the correspondence provided to the Court that Defendant is not to blame for Plaintiffs' failure to complete fact discovery in accordance with the Court's scheduling order. Plaintiffs did not raise their concerns until more than two months after Defendants had made their allegedly deficient document production. Defendants then responded to each of Plaintiffs' concerns and provided additional documents within four days of receiving Plaintiffs' letter first raising the discovery disputes. Plaintiffs did not make additional efforts to resolve the disputes until after fact discovery had closed. If Plaintiffs were not satisfied with Defendant's discovery responses, the proper course of action would have been promptly to hold a meet and confer session with Defendant's counsel to attempt to address what they perceived to be deficiencies so that all fact

4

discovery of Plaintiffs could be completed by the September 4, 2009 cutoff.  To the extent that certain documents, which should clearly be within Defendant's possession, custody or control, are missing from the Document Responses, Plaintiff should have discussed the extent of counsel's reasonable efforts to collect responsive documents from the client at a meet and confer session.  If efforts to resolve discovery disputes without Court intervention were unsuccessful, Plaintiff should have moved to compel production while fact discovery was still ongoing.

For documents to which Plaintiffs believe they are entitled, but Defendant claims to not be able to locate with reasonable efforts, Plaintiffs always have the option of serving third-party subpoenas to obtain additional documents pursuant to Rule 45 of the Federal Rules of Civil Procedure.  They have not done so.  Plaintiffs are also permitted to depose witnesses pursuant to Rule 30 of the Federal Rules of Civil Procedure in order to ascertain what branches or offices of the Defendant or what non-party organizations might have possession of documents that may be useful to their case.  As of the September 9, 2009 status conference, Plaintiffs had taken no depositions despite the fact that Plaintiffs' deadline for fact discovery had already passed.

For the reasons discussed herein, this Court finds that the Plaintiffs' need for further discovery after the end of the discovery period is due to Plaintiffs' own inordinate delay in raising and discussing the alleged deficiencies.  Notwithstanding this finding, in order to afford Plaintiffs the opportunity to obtain deposition testimony and possibly locate documents they believe must exist, the Court hereby adopts the following revised discovery schedule:

(1) Defendant shall designate one witness to represent DEP and be deposed by Plaintiffs pursuant to Federal Rule of Civil Procedure 30(b)(6).  The designated witness should be able to testify about the Neversink Reservoir, the Neversink Dam, the flood event that is the subject of Plaintiffs' complaint, the reasons for any spilling of the Neversink Dam that occurred during March and April of 2005 and the names of potential witnesses who may have knowledge of the flood event that is the subject of Plaintiffs' complaint.  Plaintiffs must complete this deposition by October 1, 2009.

(2) Between October 2, 2009 and October 16, 2009 Plaintiffs may depose any other witnesses that are employees or former employees of Defendant.

(3) Third-party witness depositions may be noticed at any time after the date of this order, but the depositions shall take place between October 19, 2009 and October 30, 2009.

(4) There shall be no further depositions for Plaintiffs without an order from the Court upon a showing of good cause.

(5) With respect to document discovery, Defendant's counsel shall continue with the inquiries to DEP it agreed to make in the August 14th Letter.  To the extent this has not already been completed, Defendant's counsel shall report the result of those inquiries to the Plaintiffs by October 1, 2009.

(6) There shall be no additional document discovery for Plaintiffs without an order from the Court upon a showing of good cause.

(7) Plaintiffs' fact discovery shall be completed by October 30, 2009.

(8) Any discovery disputes that arise after the date of this order that are not resolved by the parties through their own efforts must be raised with the Court no later than October 20, 2009.

(9) Plaintiffs' expert reports shall be filed by November 16, 2009.

(10) Defendant's expert reports shall be filed by December 14, 2009.

(11) All expert depositions shall be completed by January 4, 2010.

(12) Defendant's fact discovery shall be completed by February 26, 2010.

IT IS SO ORDERED.

Dated: New York, New York
       September 16, 2009

*[signature]*

Robert P. Patterson, Jr.

U.S.D.J.

Copies of this order were faxed to:

Steven Jay Spiegel
Douglas Jones
Eric Ossentjuk
Spiegel Legal, LLC
148 North Main Street
Florida, NY 10921
(845) 651-5000
Fax: (845) 651-5111

Boris Sorin
Sylvor & Richman, LLP
605 Third Avenue
New York , NY 10158
(212) 972-1100
Fax: (212) 983-5271

Scot C. Gleason
Christopher John Murdoch
New York City Law Dept. Office of the Corporation Counsel
900 Sheridan Avenue
Room 6A14
Bronx, NY 10451
(212) 788-2912
Fax: (212) 788-2597, (212) 788-8887