UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA MEI ELLIOTT, et al,

                            Plaintiffs                    06 CV 296 (RPP)
      - against -

                                                                   **OPINION & ORDER**

THE CITY OF NEW YORK, and ITS AGENCIES
and BUREAUS INCLUDING WITHOUT
WITHOUT LIMITATION, THE CITY OF NEW
YORK DEPARTMENT OF ENVIRONMENTAL
PROTECTION

                            Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On April 13, 2010, Plaintiffs moved the Court for an order admitting a certain document (the "Memo") over third-party the New Jersey Department of Environmental Protection's ("NJDEP") claim of deliberative privilege and moved to reopen fact discovery for Plaintiffs to obtain additional document production from NJDEP and to allow the deposition of NJDEP witnesses. On April 22, 2010, both the Defendant the City of New York and NJDEP filed oppositions to Plaintiffs' motion. On April 26, 2010, Plaintiffs filed a reply in further support of its motion. On April 27, 2010, the Court heard argument on Plaintiffs' motion. After the argument, the Court orally denied Plaintiffs' motion and stated that a written opinion would follow. This is that opinion.

                                        I.  Deliberative Privilege

      After the filing of Plaintiffs' opening papers on this motion, NJDEP has withdrawn its claim of deliberative privilege over the Memo, therefore the privilege of the Memo is no longer at issue. The Court notes, however, that in their papers, Plaintiffs

repeatedly ask the Court to opine on the *admissibility* of the Memo – as opposed to rule on the question of privilege. While the claim of privilege has been withdrawn and Plaintiffs may now use the Memo, the Court makes no comment as to the admissibility of the Memo. The Memo appears to be opinion and not admissible, however, the question of admissibility may be raised at or shortly before trial and will be ruled on based on the rules of evidence.

## II. Reopening Discovery

A. Procedural History

After a discovery conference held on December 23, 2009, during which the Plaintiffs discussed their need for additional discovery, specifically additional fact discovery from non-parties NJDEP and the Delaware River Basin Commission, the Court "so-ordered" a revised discovery schedule that was agreed to at the December 23 conference. Per the revised discovery schedule, "Fact discovery from the New Jersey Department of Environmental Protection and the Delaware River Basin Commission will conclude by February 19, 2010." (Memo endorsed discovery schedule, signed Decemeber 23, 2009, Docket Entry 41.)

By subpoena dated January 5, 2010, Plaintiffs requested documents from NJDEP. By letter dated February 16, 2010 (three days before the close of fact discovery per the revised scheduling order), Plaintiffs advised the Court as follows: "We communicated with the NJDEP [and] made an agreement to limit our demands. So far, the NJDEP has provided a portion of the documents, the NJDEP advised us that there is an additional batch of documents that will be provided. However, we have not received them yet." (Plaintiffs' Letter dated February 16, 2010, see Docket Entry 43.) In the same letter,

Plaintiffs stated that "[t]he NJDEP also agreed to name an appropriate individual to appear at a deposition. We have not received that name yet." (Id.)

By order dated February 19, 2010, the Court directed NJDEP to "produce the remaining agreed upon documents by February 24, 2010 or appear in Court at 9:30 AM on that date to explain why it has not complied with a subpoena of this Court." (Docket Entry 44.)

By letter dated February 18, 2010, NJDEP provided Plaintiffs with additional documents responsive to their January 5, 2010 subpoena. On February 23, 2010 (four days after the close of fact discovery per the revised scheduling order), Plaintiffs advised the Court that it had received additional documents from NJDEP and that Plaintiffs had resolved their remaining discovery disputes with the Delaware River Basin Commission, and therefore a conference on February 24, 2010 would not be necessary. (Plaintiffs' Letter dated February 23, 2010, see Docket Entry 47.) Plaintiffs' February 23, 2010 letter further informed the Court that counsel for NJDEP had refused to produce any personnel for depositions because: (i) NJDEP viewed any such testimony as expert testimony; (ii) NJDEP is beyond the 100 mile jurisdictional radius; and (iii) the NJDEP and New Jersey Attorney General's office are overburdened because of massive layoffs and furloughs. (Id.) Plaintiffs therefore stated: "we respectfully request the Court's guidance as to how to proceed with the depositions of appropriate NJDEP personnel." (Id.)

By memo endorsement of Plaintiffs' February 23, 2010 letter, signed and docketed on February 24, 2010 (the "2/24/10 Order"), the Court ruled that fact discovery was closed. (Docket Entry 47.) The endorsement read, in its entirety:

3

> Application denied. In view of the agreements on discovery reflected in DRBC's letter of February 23, 2010 and NJDEP's letter of February 18, 2010, fact discovery in this litigation is closed and the case will proceed to trial as presently scheduled. Plaintiff's application for guidance on how to proceed is denied. The Court does not give attorneys guidance in litigation.

Plaintiffs did not move for reconsideration of the 2/24/10 Order within fourteen days in accordance with Local Rule 6.3. Instead, twenty-one days later on March 17, 2010 (two days before Plaintiffs' expert report was due per the revised scheduling order), Plaintiffs filed a notice of appeal from the 2/24/10 Order. (Docket Entry 48.) The Court advised Plaintiffs, by order dated March 19, 2010, that because Plaintiffs had not moved for a stay of this proceeding pursuant to Rule 8 of the Federal Rules of Appellate Procedure, the filing of a notice of appeal would not "relieve them of their obligation to proceed to produce expert reports, engage in expert discovery and be ready for trial in accordance with the present scheduling order." (Docket Entry 49.)

Almost a month later, on April 13, 2010 (fifty-three days after the close of fact discovery and twenty-five days after Plaintiffs' expert reports were due per the revised scheduling order), Plaintiffs filed the instant motion, seeking to compel production of additional fact discovery (documents) and production of witnesses from NJDEP, and seeking to equitably extend the period of expert discovery.

B.  Discussion

Defendant and third-party NJDEP are correct that the instant motion is simply a motion for reconsideration of the 2/24/10 Order, which confirmed that fact discovery was closed. Because Plaintiffs did not move for reconsideration in accordance with the time frame set forth in Local Rule 6.3, the instant motion could be summarily denied on

4

procedural grounds. However, as indicated at oral argument, the Court declines to decide Plaintiffs' motion on this basis and considers the motion on the merits.

Plaintiffs have been unable to articulate why they are entitled to additional document production from NJDEP. First, it is clear from the letters to the Court between February 15 and 23, 2010 that Plaintiffs and NJDEP had resolved their discovery issues, at least with respect to document discovery, and that the additional documents produced by NJDEP on February 18, 2010 constituted full compliance with NJDEP's document production obligations. As of February 23, 2010, Plaintiffs made no objection to NJDEP's completed document production and the only issue remaining between Plaintiffs and NJDEP was the issue of a deposition. Because Plaintiffs reached an agreement with NJDEP as to document discovery nearly two months ago, they should not be permitted to backtrack on that position because they now believe they are entitled to more documents.

Second, and more important, Plaintiffs have been unable to articulate what additional *factual* discovery exists in the possession, custody or control of NJDEP or what *factual* discovery could be obtained through depositions of NJDEP personnel. Since February 23, 2010, it has been NJDEP's position that any deposition testimony taken from NJDEP personnel related to the information contained in the Memo would be expert testimony, and that overburdened employees of the state of New Jersey should not be compelled to spend their time providing free expert testimony to private litigants in cases where the state of New Jersey is not a party. Plaintiffs argue that the contents of the Memo are central to its case and that they are not seeking NJDEP's expert opinions or

conclusions, rather they only seek the supporting facts upon which the conclusions in the Memo are based.

The Court has reviewed the Memo, which consists of a series of comments from September 2009 through December 2009 on a presentation and proposed message to be given by a Flood Mitigation Task Force.  While the Memo certainly shows some disagreement between NJDEP and DRBC about the methodology employed, it does not reference any factual documents of NJDEP and Plaintiffs have not explained why comments and criticisms about flood model methodology in 2009 demonstrate that NJDEP has in its possession additional factual information about the Neversink River flood in 2005.

Plaintiffs cite to certain portions of the Memo referencing "supporting documentation" for the proposition that NJDEP must possess independent factual data about the 2005 Neversink River flood that is the subject of this litigation.  (See, e.g., Affirmation of Steven J. Spiegel dated April 12, 2010 ("Spiegel Aff.") ¶¶ 72-78.)  But the vague references to "supporting documentation" are ambiguous at best and do not, on their face, demonstrate that the underlying factual data is different from the data already produced by Defendant or publicly available from the United States Geological Survey ("USGS"), nor do the references cited by Plaintiffs demonstrate that the "supporting documentation" is factual in nature as opposed to analysis, opinion and conclusions.

Further, Defendants noted at oral argument that one document Plaintiffs rely on in arguing for additional factual discovery from NJDEP explicitly references the USGS Neversink River data.  (See Power Point Slide attached as Spiegel Aff., Exhibit E.)  In this document, the sole calculation attributed to NJDEP is referred to as an extrapolation

and compared to a different extrapolation attributed to the USGS. There is no indication that the two estimates of river flow are premised on different factual data rather than simply being the result of different assumptions, methods and analysis used in generating the extrapolation and conclusion.

Finally, at oral argument, counsel for Defendant stated that he is unaware of any factual data gathered about the 2005 Neversink River flood, aside from the data gathered by Defendant, the City of New York Department of Environmental Protection, and the data gathered by the USGS, both of which Plaintiffs have had for months. Furthermore, counsel for NJDEP represented that he had asked his client whether anyone from NJDEP had ever visited the Neversink Reservoir and independently gathered data pertaining to the reservoir, and NJDEP confirmed that none of its personnel had ever visited the Neversink Reservoir and gathered data.

Because Plaintiffs are unable to articulate what factual information related to the 2005 Neversink River flood they could obtain through additional discovery of NJDEP, the Court concludes that any such additional discovery would be expert discovery, which Plaintiffs are not entitled to. For the foregoing reasons, Plaintiffs' motion is denied.

By two letters dated April 28, 2010, Plaintiffs' counsel raised two concerns with the scheduling order the Court "so ordered" on April 28, 2010. In light of Plaintiffs' concerns, the scheduling order is revised as follows. Plaintiffs' expert reports shall be submitted by May 14, 2010. Defendant's expert reports shall be submitted by June 1, 2010. All other dates in the scheduling order will remain the same. If Plaintiffs elect to file a motion for summary judgment, they shall provide notice and file the motion in accordance with the same schedule that has been set for Defendant. With the above

modifications, this matter will proceed in accordance with the scheduling order "so ordered" by the Court on April 28, 2010.

IT IS SO ORDERED.

Dated:  New York, New York
        April 29, 2010

                                              Robert P. Patterson, Jr.
                                              U.S.D.J.

Copies of this opinion were faxed to:

*Attorney for Plaintiffs:*

Steven J. Spiegel
Douglas M. Jones
Spiegel Legal, LLC
148 North Main Street
Florida, NY 10921
Fax: (845) 651-5111

*Attorney for Defendants:*

Scot C. Gleason
Office of the Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
Fax: (212) 788-0367

*Attorney for Third-Party NJDEP*

Michael J. Schuit
Deputy Attorney General, State of New Jersey
25 Market Street
Trenton, NJ 08625
Fax: (609) 633-2038

8